IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT W. AVERY                                            PLAINTIFF

        v.                           Civil No. 07-5111

SHERIFF KEITH FERGUSON;
MAJOR DRAKE; DETECTIVE
CHRIS SPARKS; BENTON
COUNTY S.W.A.T. MEMBERS;
and DETECTIVE ROBERT HOLLY                              DEFENDANTS

**<u>ORDER</u>**

         Avery filed this action on June 22, 2007. The complaint alleges that on January 16, 2007, SWAT made an illegal entry into Winningham Road in order to arrest him. He also maintains excessive force was used against him. He alleges that he sustained broken/fractured ribs, black eyes, and lacerations on his face. While he was interrogated, Avery alleges he was kicked in the face and ribs.

         Avery maintains Sheriff Ferguson and Major Drake could have prevented the abuse that was done by deputies under their command and under their direct supervision. Avery indicates Chris Sparks was one of the SWAT members who was involved in interrogating and beating him. Avery asserts he had to be taken to the emergency room of the Siloam Springs Memorial Hospital.

         Currently before the court are the following motions filed by the plaintiff: (1) a motion for a protective order (Doc. 5); (2) a motion to amend the complaint (Doc. 6); (3) a motion to be

AO72A
(Rev. 8/82)

housed in another facility (Doc. 7); (4) a motion to amend the complaint (Doc. 8); and (5) a motion for protective order.

### Motion for Protective Order (Doc. 5)

In the first motion for a protective order (Doc. 5), plaintiff notes that he previously filed a civil action against Sheriff Ferguson. Avery maintains he was threatened as a result of having filed that action. He maintains physical and mental injury was also inflicted upon him as a result of Sheriff Ferguson's deliberate indifference. Avery asserts he fears that he is in danger of being retaliated against.

The motion for protection is denied. The court notes that the prior action Avery refers to, Avery v. Ferguson, et al., Civil No. 04-5205, was dismissed based on his failure to prosecute the action and his failure to obey the orders of the court. The case was filed on August 12, 2004, and was dismissed on October 25, 2006. Avery did not prevail on the merits and the court made no finding that Sheriff Ferguson or any other named defendant acted with deliberate indifference toward Avery.

With respect to the current motion, Avery makes only vague allegations that he may be subjected to retaliation either because of his prior lawsuit or his current lawsuit. He does not suggest how he is being retaliated against or that he is currently being prevented in anyway from proceeding with this lawsuit, threatened, or subjected to any adverse action.

### Motion to Amend the Complaint (Doc. 6)

In the first motion to amend his complaint filed on July 6, 2007 (Doc. 6), Avery seeks to add Sgt. Tomlin and Deputy Carlton as defendants. On January 18, 2007, at the Benton County Detention Center (BCDC), Avery states that because of his injuries from the beating on

January 16th he was slow in responding to a command to come out of his cell and enter the day room. Avery maintains Deputy Carlton yanked him off his bunk by his leg and then Carlton placed his knee on Avery's chest despite his broken ribs. At that time, Avery alleges both Carlton and Tomlin banged Avery's head off the concrete floor repeatedly. Avery maintains these actions were in part due to the fact that Avery had named these individuals as defendants in another civil rights lawsuit.

The motion to amend the complaint (Doc. 6) is granted. **The clerk is directed to note on the docket sheet that Sgt. Tomlin and Deputy Carlton are defendants. The clerk is also directed to file the motion to amend as an amended complaint.**

**Motion for Transfer (Doc. 7)**

The plaintiff next asks the court to order him to be transferred from the BCDC to another facility (Doc. 7). Avery states this move is necessary to ensure his continued safety. He states he has dealt with retaliation issues with the defendants in the past.

The plaintiff is not in federal custody. This court does not dictate to state and local authorities where individuals charged with crimes or serving sentences should be housed. The motion (Doc. 7) is denied.

**Motion to Amend the Complaint (Doc. 8)**

Avery seeks to add Sgt. Jared Crabtree as a defendant as he is in charge of SWAT. The motion to amend (Doc. 8) is granted. **The clerk is directed to note on the docket sheet that Sgt. Jared Crabtree is a defendant. The clerk is also directed to file the motion to amend as an amended complaint.**

**Motion for Protective Order (Doc. 9)**

Avery asks the court to issue an order of protection against Tomlin and Carlton. He states he fears they will retaliated against him by causing him injury or taking disciplinary action against him.

The motion (Doc. 9) is denied. Avery has made nothing but vague unsubstantiated allegations. Merely because he has a lawsuit pending against certain individuals at the BCDC does not mean that he is not subject to the rules and regulations of that facility.

IT IS SO ORDERED this 19th day of July 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE