IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT W. AVERY                                                 PLAINTIFF

v.                   Civil No. 07-5111

SHERIFF KEITH FERGUSON;
MAJOR DRAKE; DETECTIVE
CHRIS SPARKS; ET AL.                                     DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the undersigned for report and recommendation is the plaintiff's motion for leave to appeal in forma pauperis (IFP) (Doc. 112). On February 25, 2009, the undersigned issued a report and recommendation (Doc. 97) on the defendants' motion for summary judgment. The undersigned recommended that defendants' motion be granted in part and denied in part. Specifically, it was recommended that the motion be granted with respect to plaintiff's claims that there was an illegal entry to arrest him on January 16, 2007, at 10810 Winningham Road in Gentry, Arkansas, and his claims against Sheriff Keith Ferguson, Major Gene Drake, Captain Jones, and Captain Hunter Petray. It was recommended that the motion be denied with respect to plaintiff's claims that excessive force stemming from incidents on January 16, 2007, and January 18, 2007. Finally, it was recommended that his motion for injunctive relief be denied.

On March 12, 2009 (Doc. 100), the report and recommendation was adopted in part by United States District Judge Jimm Larry Hendren. Specifically, the report and recommendation was adopted with the exception of the failure to train or supervise claims against defendants Sheriff Ferguson, Major Drake, and Captain Jones.

Plaintiff filed a notice of appeal on April 8, 2009 (Doc. 111). In the notice of appeal he indicates he is appealing from the order entered by United States District Judge Hendren on March 12, 2009.

Plaintiff has now filed a motion for leave to appeal IFP (Doc. 112). Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In this case, the court granted defendants' motion for summary judgment on only a portion of the claims being asserted by the plaintiff. Pursuant to the terms of Rule 54(b) of the Federal Rules of Civil Procedure when a case involves more than one claim, if a summary judgment order or other order, does not dispose of all claims it is not considered a final appealable judgment unless the trial court directs that final judgment be entered as to claims that were dismissed.

Final judgment was not entered pursuant to Rule 54(b) of the summary judgment order entered in this case. In other words, the grant of partial summary judgment in the defendants' favor does not constitute a final appealable judgment. Accordingly, any appeal at this stage of the litigation would be frivolous and not taken in good faith. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

I therefore recommend that the motion for leave to appeal be denied as the appeal is not taken in good faith, 28 U.S.C. § 1915(a)(3). I further recommend that the clerk be directed to collect the $455 filing fee pursuant to the terms of the Prison Litigation Reform Act. Plaintiff may, of course, renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit. Fed. R. App. P. 24(a).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of April 2009.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)