```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

**ROBERT W. AVERY**                                                **PLAINTIFF**

        v.            Civil No. 07-5111

**SHERIFF KEITH FERGUSON;
MAJOR DRAKE; DETECTIVE
CHRIS SPARKS; DETECTIVE
ROBERT HOLLY; SGT. TOMLIN;
DEPUTY CARLTON; SGT. JARED
CRABTREE; NATHAN ATCHISON;
TRAVIS NEWELL; HAROLD GAGE;
RICK HOLLAND; JOSH CHAPMAN;
RICHARD CONNER; CHARLES
ROBBINS; ERIC WARZECHA;
TIM SRADER; WADE PORTER;
CAPTAIN JONES; and CAPTAIN
HUNTER PETRAY**                                                    **DEFENDANTS**

## O R D E R

Now on this 7th day of July, 2009, come on for consideration the following:

\*    plaintiff's **Motion To Obtain Leave To Appeal In Forma Pauperis** (document #112);

\*    the **Report And Recommendation Of The Magistrate Judge** (document #116)("R&R"); and

\*    plaintiff's **Objection To Report And Recommendation Of The Magistrate Judge Of 04/13/09** (document #117); and the Court, being well and sufficiently advised, finds and orders as follows:

1.    After some, but fewer than all, of his claims in this case were dismissed, plaintiff filed a Notice Of Appeal and moved for leave to appeal *in forma pauperis*.  The Magistrate Judge

reported that no final appealable judgment had been entered and -- given that an appeal may not be taken *in forma pauperis* unless it is taken in good faith -- recommended that plaintiff's motion be denied. The Magistrate Judge further recommended that the Clerk of Court be directed to collect the appellate filing fee pursuant to the Prison Litigation Reform Act ("PLRA").

2. Plaintiff objects that he was acting in good faith, "with the firm belief that the correct action was being taken," and that "if the Motion for Leave to Appeal in IFP must be dismissed the Plaintiff asks to be excussed [sic] from the collection of the $455 filing fee." He further states that "if allowed to proceed that sufficient evidence would be presented by the Plaintiff in order to support the claims which the Plaintiff sought to appeal."

3. These objections, which are without merit, demonstrate two misunderstandings of the law by plaintiff.

First, plaintiff's contention that he acted "with the firm belief that the correct action was being taken" suggests that he misunderstands the legal concept of "good faith" in PLRA cases. Plaintiff may have had subjective good faith, i.e., he may really have believed he was doing the right thing. But bad faith "in the more common legal meaning of the term . . . means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." **Lee v.**

**Clinton**, **209 F.3d 1025, 1026 (7th Cir. 2000).** Pursuant to **F.R.C.P. 54(b),** disposition of fewer than all claims in a multi-claim case does not result in a final order unless the Court specifically directs. That did not happen in this case. Courts of appeal -- with certain narrow exceptions -- have jurisdiction only over appeals from final orders, **28 U.S.C. § 1291-1292.** Given this, no reasonable person could suppose the appeal filed by plaintiff to have merit. The result is a finding that the appeal is not taken in objective good faith.

Second, plaintiff appears to labor under the notion that if he simply dismisses his notice of appeal, he will not be liable for the filing fee. That is incorrect, "because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." **In re Tyler**, **110 F.3d 528, 529 (8th Cir. 1997).** Even if the appeal is dismissed, plaintiff will still be responsible for the full filing fee.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** (document #116) is **adopted in toto**, and plaintiff's **Objection To Report And Recommendation Of The Magistrate Judge Of 04/13/09** (document #117) is **overruled.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion To Obtain Leave To Appeal In Forma Pauperis** (document #112) is **denied,** and the

Clerk of Court is directed to collect the appellate filing fee from plaintiff pursuant to the Prison Litigation Reform Act.

**IT IS SO ORDERED.**

**/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**